IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| CENTRAL ILLINOIS CARPENTERS HEALTH AND WELFARE TRUST FUND, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. 07-3046 |
| RICHARD STROM, individually and R. STROM BUILDERS, INC., | ) ) ) | |
| Defendants. | ) | |

## OPINION

RICHARD MILLS, U.S. District Judge:

This case is before the Court on Defendant Richard Strom's motion to dismiss.

The Plaintiff's complaint seeks pension contributions pursuant to ERISA and includes three counts. The third count seeks liability against Richard Strom individually based on an alter ego theory. It is that count which is the subject of the motion to dismiss.

1

In support of his motion to dismiss, Defendant Richard Strom ("Strom") first notes that the Plaintiff's complaint alleges that Defendant R. Strom Builders, Inc. owes contributions to the Fund by virtue of the agreements attached to the complaint.  Each purported agreement is between the Fund and R. Strom Builders, Inc.–not Strom individually.  Strom contends that Count III fails to state a claim upon which relief may be granted, as it does not sufficiently plead alter ego liability on the part of Strom for the contributions allegedly owed the Fund by the corporate Defendant.

Strom claims that Count III fails to assert a claim for alter ego liability under Illinois law.  The Plaintiff alleges only that the corporation and Richard Strom have the same address, and that Strom is the president and secretary of the corporation.  Strom asserts that other than a conclusory allegation that upon information and belief he is the alter ego, no other allegations are made.  He contends this is not enough to state a claim for alter ego liability under Illinois corporate veil piercing law.  Accordingly, Strom alleges that the claims against him should be dismissed under Rule

12(b)(6).

In its response brief, the Plaintiff alleges that its complaint meets the notice pleading standard of Federal Rule of Civil Procedure 8(a)(2). The complaint states that Strom is the President and Secretary of R. Strom Builders, Inc. Moreover, the corporation operates out of Strom's residence. Based on these allegations, the Plaintiff claims that a unity of interest between the two Defendants can be inferred. The Plaintiff alleges that these facts also raise issues of commingling of assets between the corporation and Strom individually and an inability to operate at arm's length. Moreover, because of the failure of the corporation to pay its contributions, there is an undercapitalization of the corporation. The Plaintiff further contends that its allegation that R. Strom Builders, Inc. has not paid for contributions due and owing to the Plaintiff supports the second prong of its alter ego claim.

The Court concludes that the Plaintiff has alleged sufficient facts to withstand a motion to dismiss. At this stage, the Plaintiff is not required to prove its entire case. A plaintiff basically needs only to plead claims for relief. See Doe v. Smith, 429 F.3d 706, 708 (7th Cir. 2005). "[F]actual

details and legal arguments come later." Id.

In contending that count three should be dismissed, the Defendant essentially argues that the Plaintiff has failed to allege sufficient facts to state a claim for alter ego liability under Illinois corporate veil piercing law. However, a litigant need not present evidence or allege factually detailed claims in his complaint. "Any district judge (for that matter, any defendant) tempted to write 'this complaint is deficient because it does not contain . . .' should stop and think: What rule of law *requires* a complaint to contain that allegation?" Doe, 429 F.3d at 708 (emphasis in original). "Any decision declaring 'this complaint is deficient because it does not allege X' is a candidate for summary reversal, unless X is on the list in Fed. R. Civ. P. 9(b)." Kolupa v. Roselle Park District, 438 F.3d 713, 715 (7th Cir. 2006).[1] Rule 9(b) does not require claims alleging alter ego liability to be pled with particularity.

Ergo, Defendant Richard Strom's motion under Federal Rule of Civil Procedure 12(b)(6) to dismiss Count Three [d/e 8] is DENIED. The parties

---

[1] Rule 9(b) provides in pertinent part, "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."

are Directed to contact United States Magistrate Judge Byron G. Cudmore for the purpose of scheduling a discovery conference.

ENTER: June 29, 2007

    FOR THE COURT:

                                        s/Richard Mills
                                        United States District Judge