IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| CENTRAL ILLINOIS CARPENTERS ) <br> HEALTH AND WELFARE TRUST ) <br> FUND, ) <br>   ) <br> Plaintiff, ) <br>   ) <br> v. ) <br>   ) <br> RICHARD STROM and ) <br> R. STROM BUILDERS, INC., ) <br>   ) <br> Defendants. ) | No. 07-CV-3046 |

## REPORT AND RECOMMENDATION

BYRON G. CUDMORE, U. S. MAGISTRATE JUDGE:

This cause is before the Court on Plaintiff's Combined Motion and Memorandum of Law for Discovery Sanctions (d/e 22) wherein Plaintiff asks the Court to order discovery sanctions against both Defendants, Richard Strom, individually, and R. Strom Builders, Inc., specifically in the form of default judgment.

Defendants have repeatedly ignored the discovery orders of this Court, as is set out in detail in the "Background" section of Plaintiff's Motion (d/e 22) which the Court adopts and incorporates herein. Further, Defendants failed to respond to the instant motion by December 12, 2008 as directed by the undersigned in Text Order dated November 18, 2008.

Federal Rule of Civil Procedure 37(b)(2) provides, in relevant part, that "if a party fails to obey an order entered under Rule 26(f), the court in which the action is pending may make such orders in regard to the failure as are just . . . ." Thus, sanctions are appropriate under Rule 37(b)(2) when a party fails to comply with discovery orders and when the district court finds "willfulness, bad faith or fault" to justify the sanction. <u>Downs v. Westphal</u>, 78 F.3d 1252, 1257 (7th Cir. 1996). Admittedly, the majority of cases falling into the category where this type of sanction is available involve a non-responsive Plaintiff and the sanction administered is dismissal of Plaintiff's case. Even though this case is essentially the "flipside" of the "recalcitrant Plaintiff", the instant motion involves a non-responsive defendant and the case law is instructive. The "fault" required to sustain dismissal under Rule 37 does not refer to the "non-complying party's subjective motivation" but to the lack of reasonableness "which eventually culminated in the violation." <u>Langley by Langley v. Union Elec. Co.</u>, 107 F.3d 510, 514 (7th Cir. 1997)(quotations and citations omitted).

In short, the Seventh Circuit has opined:

> Because of its severity, we have circumscribed the range of cases in which dismissal may be used as a sanction. Looking at the case law, we find two different standards for determining whether a case can properly be dismissed. Some of our cases have held that actions can be dismissed "when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." <u>Williams v. Chicago Bd. of Educ.</u>, 155 F.3d853, 857 (7th Cir. 1998); <u>Schilling v. Walworth County Park & Planning Com'n</u>, 805 F.2d 272, 278 (7th Cir. 1986). This appears to be the standard used

> when cases are dismissed for want of prosecution or failure to comply with orders of the court, Fed. R. Civ. P. 41(b).  A slightly different requirement–a finding of willfulness, bad faith or fault–comes into play when dismissals are used specifically as a discovery sanction under Fed. R. Civ. P. 37.  In re Golant, 239 F.3d 931, 936 (7th Cir. 2001); Langley v. Union Elec. Co., 107 F.3d 510, 514 (7th Cir. 1997); cf. In re Rimsat, Ltd., 212 F.3d 1039, 1046-47 (7th Cir. 2000)(requiring a finding of bad faith when a district court dismisses a case under the inherent powers of the court).  That is, even without "a clear record of delay, contumacious conduct or prior failed sanctions," a court can apply the sanction of dismissal for Rule 37 violations with a finding of willfulness, bad faith or fault, as long as it first considers and explains why lesser sanctions would be inappropriate. See Long v. Steepro, 213 F.3d 983, 986 (7th Cir. 2000); Schilling, 805 F.2d at 278 ("When a clear record of delay, contumacious conduct, or prior failed sanctions does not exist, the exercise of judicial discretion requires that the district court consider and explain the inappropriateness of lesser sanctions."); Shepherd v. Am. Broad. Cos., 62 F.3d 1469, 1478-79 (D.C. Cir. 1995)(requiring that courts provide a "specific, reasoned explanation for rejecting lesser sanctions" and collecting cases requiring same).

Maynard v. Nygren, 332 F.3d 462, 467-68 (7th Cir. 2003)(footnote omitted).

Rule 37(b)(2)(A)(vi) provides for "rendering a default judgment against the disobedient party".   In the instant case, the Court believes that, based upon the history of Defendants' conduct and lack of any responses herein, entry of default judgment against Defendants Richard Strom and R. Strom Builders, Inc. is an appropriate sanction under Rule 37 standards.   Further, Defendants are represented by counsel who should fully advise Defendants of their discovery obligations and who should be fully aware of the consequences of failing to follow the orders of this Court.

Wherefore, the Court RECOMMENDS that Plaintiff's Motion for Discovery Sanctions (d/e 22) be ALLOWED and the District Court sanction Defendants by entering default judgment in favor of Plaintiff under Rule 37(b) because Defendants have willfully declined to follow the Federal Rules of Civil Procedure and the orders of this Court.[1]

The parties are advised that any objection to this Report and Recommendation must be filed in writing with the Clerk of the Court within ten working days after being served with a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1).  Failure to file a timely objection will constitute a waiver of objections on appeal. Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986).  See Local Rule 72.2.

ENTER:    December 19, 2008

   FOR THE COURT:

*s/ Byron G. Cudmore*
_____
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE

---

[1] **Under these circumstances, the Court would also recommend that the initial step of moving for default be waived.**